**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL S.,[1] Case No. 1:25-cv-699

Plaintiff, Bowman, C.M.J.

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

# MEMORANDUM OF OPINION AND ORDER

Plaintiff Michael S. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

## I. Summary of Administrative Record

Plaintiff applied for disability insurance benefits (DIB) in February 2023, alleging disability as of January 28, 2022. (Tr. 161). Plaintiff's claim was denied initially and on reconsideration. Thereafter, Plaintiff filed a timely written request for hearing and an

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

administrative hearing was held on October 21, 2024. (Tr. 42-64). At the hearing, Plaintiff, represented by counsel, appeared and testified. George Parsons, an impartial vocational expert, also testified at the hearing. Thereafter on December 6, 2024, an ALJ issued an unfavorable decision, concluding that Plaintiff was not disabled. (Tr. 17-35).

Plaintiff was born in July 1976 and was 45 years old on his alleged date of disability. He graduated from high school and has past relevant work as a jewelry polisher. (Tr. 33).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "disorders of the skeletal spine; chronic fatigue syndrome; anxiety disorder; mood disorder; somatic disorder; posttraumatic stress disorder (PTSD); and attention deficit hyperactivity disorder (ADHD)." (Tr. 20). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> He can stand/walk about four hours per eight hour workday; sit for about six hours per eight-hour workday; frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance (as defined by the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles), stoop, kneel, and crouch; occasionally crawl; no overhead reaching with the left upper extremity; must avoid concentrated exposure to vibration and to dangerous hazards, such as unprotected heights and dangerous hazardous machinery. He can also: carry out simple instructions; use judgment to make simple work-related decisions; engage in occasional interactions with supervisors, coworkers, and the public; deal with occasional changes in a routine work setting; cannot perform work requiring a specific production rate, such as assembly line work.

(Tr. 23).

Based upon the RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform jobs in the national economy including router, shipping and receiving weigher, and retail marker. (Tr. 34). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to incorporate the limitations found by the consultative examiner; and (2) improperly evaluating Plaintiff's subjective complaints of pain and symptoms. Upon close analysis, I conclude that Plaintiff's assignments of error are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. Evaluation of the Consultative Examiner*

Plaintiff first challenges the ALJ's consideration of the July 2023 consultative psychological opinion of Ryan Wagner, Psy.D. Specifically, Plaintiff argues that the ALJ should have incorporated all of the limitations set forth in his opinion. Plaintiff's contention is unavailing.

Under the regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 404.1527(c)(2) with 20 C.F.R. § 404.1520c(a), (b).

The supportability and consistency factors are the most important factors considered when determining how persuasive an ALJ finds a medical source's medical opinions or prior administrative medical findings to be. 20 C.F.R. § 404.1520c(b)(2). The

ALJ may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he considered the medical opinions. See 20 C.F.R. §§ 404.1520c(b)(2)-(3). Further, in evaluating the statements from the state agency reviewing sources, an ALJ will also consider the evidence in accordance with the new regulations. See 20 C.F.R. § 404.1513a(b)(1)(2017), 404.1520c.

Here, in July 2024, consultative psychologist Ryan Wagner, Psy.D., completed a psychological evaluation of Plaintiff, wherein he reported that Plaintiff had indications of anxiety but was alert, responsive, and oriented to person, place, time, and situation. (Tr. 742-48). Dr. Wagner further opined that Plaintiff's performance was suggestive of difficulty understanding and remembering instructions and concentrating and focusing; he appeared to have difficulty with attention and focus; and his presentation may impact personal interactions and mood stability in work settings (Tr. 746-47). Dr. Wagner also opined that Plaintiff did not present with intellectual limitations that would impact his ability to understand and respond to feedback or manage normal work pressures (Tr. 747).

In formulating Plaintiff's RFC the ALJ found the opinion of Dr. Wagner somewhat persuasive (Tr. 32). In this regard, the ALJ noted that Dr. Wagner opined that Plaintiff's performance during the evaluation was "suggestive of difficulty" understanding instructions, remembering instructions, and concentrating/focusing, that the claimant appeared to have difficulty with attention and focus, and that his presentation may impact personal interactions and mood stability in work settings (Tr. 32). The ALJ also noted Dr. Wagner found that Plaintiff did not present with intellectual limitations that would impact

his ability to understand and respond to feedback or his ability to manage normal work pressures. Id. The ALJ further noted that portions of his assessment also included Plaintiff's subjective reports of his functioning.

In light of the foregoing, the ALJ found that Dr. Wagner's assessment is consistent with and supported by the evidence of record to the extent that he noted that the claimant had some level of limitation; however, the ALJ found that Dr. Wagner used vague terms, such as "difficulty" and "impact," without further explanation in vocationally relevant terms. As such, the ALJ determined that Dr. Wagner's opinion was only somewhat persuasive.

The ALJ's properly evaluated Dr. Wagner's findings in compliance with Agency regulations and controlling law. Namely, the decision adequately addresses supportability. See 20 C.F.R. § 404.1520c(c)(1). The ALJ reasonably observed that terms such as "difficulty" and "impact" did not specify the degree of limitation or identify concrete work-related restrictions, such as an amount of off-task time, the frequency of supervision required, the permissible degree of workplace interaction, or an inability to meet ordinary work demands. The ALJ was not required to infer such restrictions from qualitative observations that did not define their vocational significance. S*ee Gaskin v. Comm'r of Soc. Sec.,* 280 F. App'x. 472, 476 (6th Cir. 2008) ("An ALJ can appropriately reject limitations that are vague and not defined.").

The ALJ also adequately addressed consistency. The decision discussed records showing that Plaintiff's ADHD was described as stable or controlled with medication, that medication adjustment was followed by reported improvement, and that Plaintiff often displayed normal mood, affect, behavior, recall, and fund of knowledge during treatment.

(Tr. 21–22, 30–32). The ALJ also considered Plaintiff's reported activities, including driving, caring for his children, preparing meals, performing household chores and repairs, shopping, reading, working on jewelry, and doing automotive work. (Tr. 21–22, 29–31). These were proper considerations when determining whether the degree of limitation suggested by Dr. Wagner's report was consistent with the longitudinal record. See 20 C.F.R. § 404.1520c(c)(2).

Moreover, the RFC reflects the portion of Dr. Wagner's opinion that the ALJ found persuasive. The limitation to simple instructions and simple work-related decisions addresses the concern regarding understanding and remembering instructions. The restrictions to occasional interaction with supervisors, coworkers, and the public address social-interaction concerns. And the limitations to occasional routine-workplace changes and no work requiring a specific production rate address the reported concerns regarding task completion, focus, and handling workplace pressure. (Tr. 23). The regulations do not require a direct correspondence between an RFC finding and any particular medical opinion. See 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c). Nor was the ALJ required to adopt every component of an opinion deemed only somewhat persuasive.

In short, the ALJ considered the required factors, explained why Dr. Wagner's qualitative observations did not warrant greater limitations, and formulated an RFC supported by the record as a whole. As such, Plaintiff has not demonstrated reversible error in the evaluation of Dr. Wagner's opinion.

*2. Evaluation of Plaintiff's Subjective Complaints*

Plaintiff argues that the ALJ did not consider his pain or that it allegedly affected his ability to focus. Plaintiff's contention is not well-taken.

As noted by the Commissioner, in assessing a plaintiff's allegations, the ALJ looks at both the objective medical evidence and other relevant evidence, including: 1) daily activities; 2) location, duration, frequency, and intensity of pain or symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication; 5) treatment, other than medication, to relieve pain; 6) any measures used to relieve pain; and 7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c). However, an ALJ need not discuss all seven factors. Social Security Ruling 16-3p, 2017 WL 5180304.

It is well established that an ALJ's findings concerning the subjective symptoms of an applicant should be accorded great weight and deference. *Walters v. Comm'r of Soc. Sec*., 127 F.3d 525, 531 (6th Cir. 1997). This Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec*., 336 F.3d 469, 476 (6th Cir. 2003); see also *Gooch v. Sec'y of Health and Human Servs*., 833 F.2d 589, 592 (6th Cir. 1987) ("we will not normally substitute our impressions on the veracity of a witness for those of the trier of fact").

With respect to Plaintiff's physical symptoms, the ALJ considered imaging that documented lumbar degenerative changes, disc protrusions, and an L5-S1 disc extrusion. (Tr. 24–26). But the ALJ also discussed examinations reflecting normal strength, symmetric reflexes, no neurological deficits, normal movement, and normal gait on some occasions. (Tr. 25–29). The ALJ considered Plaintiff's pain-management treatment, including medication, epidural and other injections, recommendations for further treatment, physical therapy, and reported relief from a lumbar epidural steroid

injection. (Tr. 24–29). The ALJ further considered Plaintiff's reported daily activities, including jewelry work, automotive work, household activities, driving, and childcare, which were inconsistent with Plaintiff's allegations of wholly disabling physical limitations. (Tr. 29).

The ALJ also considered the evidence pertaining to Plaintiff's mental symptoms. The ALJ acknowledged Plaintiff's intermittent abnormal mood, affect, anxiety, slowed behavior, panic attacks, poor focus, and problems completing tasks. (Tr. 30,31). Yet the ALJ reasonably found that the longitudinal evidence did not support the asserted disabling degree of limitation, citing, among other things, normal mental-status findings at many examinations, periods in which Plaintiff denied psychiatric symptoms, treatment only on a quarterly basis with a psychiatrist, and evidence that ADHD symptoms were stable or controlled with medication. (Id.).

The ALJ did not find that Plaintiff was free from pain or other symptoms. Rather, the ALJ accounted for supported limitations through a significantly restricted light-work RFC, including limitations in standing and walking, postural activities, overhead reaching, hazards, complexity of instructions and decisions, social interaction, workplace changes, and production pace. (Tr. 23). Plaintiff's disagreement with the ALJ's weighing of the evidence does not establish that the evaluation violated § 404.1529 or SSR 16-3p. The symptom assessment is sufficiently explained and supported by substantial evidence.

Accordingly, the ALJ's decision is substantially supported in this regard.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED. IT IS FURTHER ORDERED THAT** that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge